UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRY LEE CALLANDRET,<br><br>                Petitioner,<br><br>   v.<br><br>PAT GLEBE,<br><br>                Respondent. | No. C13-5853 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  November 15, 2013** |

On September 27, 2013, Petitioner Terry Lee Callandret filed a Petition for Writ of Habeas Corpus. ECF No. 6. The Court declined to serve the petition because it appeared that Mr. Callendret failed to first exhaust his state judicial remedies regarding two prison disciplinary sanctions in February and June of 2013. ECF No. 8. The Court ordered Mr. Callendret to file an amended petition under 28 U.S.C. § 2254 showing that his grounds for federal relief have been properly exhausted in state court or show cause why this matter should not be dismissed. *Id.* In response, Mr. Callendret filed a "Motion: Showing Acknowledgement and Gratitude." ECF No. 9. In this motion, Mr. Callendret confirms that he filed a personal restraint petition relating to his prison disciplinary sanctions on July 16, 2013. ECF No. 9. He requests that the Court allow him to "re-enter" after his state court proceeding is complete. *Id.*

The Court interprets Mr. Callendret's motion as a request to voluntarily dismiss his petition without prejudice and recommends that the motion be granted.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

In his petition, Mr. Callandret seeks to challenge disciplinary sanctions of February 26, 2013 (Rule 752 -- positive drug/alcohol test) and June 24, 2013 (Rule 607 – refusal to supply drug/alcohol test specimen).  He claims that he was denied the ability to present witnesses and evidence in violation of his due process rights.  Mr. Callendret previously sought to adjudicate this challenge through a 42 U.S.C. § 1983 civil rights case.  Case No. C13-5361BHS/KLS.  That case was dismissed (and Plaintiff did not incur the $350.00 filing debt) because the civil rights action was barred by *Heck v., Humprhey,* 512 U.S. 477, 487 (1994).  ECF Nos. 9 and 14.  The Court advised Mr. Callendret that he must seek relief in habeas and cannot proceed with a § 1983 lawsuit until he has shown that the result of his hearings have been invalidated in state court.  ECF No. 4.   This petition followed.

Although Mr. Callandret is now seeking relief through habeas, he has not yet shown that his infractions have been invalidated in state court.   In his petition, he states that he filed grievances and internal appeals, but makes no mention of filing a habeas petition (personal restraint petition) in the Washington state courts.  In his recent motion, Mr. Callandret confirms that he, in fact, filed a personal restraint petition in the Washington Court of Appeals on July 16, 2013 and that his state court proceeding is still pending.  ECF No. 9.

Mr. Callandret may pursue federal habeas relief only *after* he has exhausted his state judicial remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  *Picard v. Connor*, 404 U.S. 270, 276 (1971);

REPORT AND RECOMMENDATION - 2

*Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

## CONCLUSION

The petition should be dismissed without prejudice to Petitioner's ability to re-file a petition for federal habeas corpus after he has exhausted his state court judicial remedies.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 15, 2013**, as noted in the caption.

**DATED** this  28th   day of October, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3